UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

RANDY EATON                                                            PETITIONER

VS.                                     CIVIL ACTION NO.1:04CV304-WAP-JAD

DONALD CABANA, ET AL                                    RESPONDENTS

<u>REPORT AND RECOMMENDATION</u>

       Randy Eaton pled guilty to two counts of burglary of a commercial building in the Circuit Court of Alcorn County, Mississippi on February 7, 2003. He was sentenced to seven years, with five years suspended and five years of post-release supervision. Restitution was ordered and a fine imposed. He subsequently filed a motion to vacate his conviction and sentence in the Circuit Court of Alcorn County, which was treated as a motion for post-conviction relief. The motion was denied. He filed a notice of appeal. His application to proceed in forma pauperis was denied by both the circuit court and the Mississippi Court of Appeals. His appeal was dismissed for failure to pay costs.

       Eaton has filed his petition for writ of habeas corpus with this court. The respondents have moved to dismiss the petition for failure to exhaust state remedies. They seek a dismissal with prejudice based upon the assertion that any successive petition in the Mississippi courts is procedurally barred and that Eaton has procedurally defaulted his federal claims. Mississippi Code Annotated § 99 - 39 - 23(6) provides in pertinent part, "the order. ... dismissing the petitioner's motion or otherwise denying relief under this chapter is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this chapter." This procedural bar has been held to be an independent and adequate state procedural bar. *Moawad v. Anderson*, 143 F. 3d 942, 947 (5th Cir. 1998). *Chancellor v. State of Mississippi*, 2005 WL 743956 (5th Cir. March 31, 2005).

It is clear that Eaton has failed to exhaust his state remedies. None of his current claims for post-conviction relief have been presented to or considered by the Mississippi Supreme Court, either on direct appeal or on a petition for post-conviction relief. It is also apparent that any attempt to exhaust his state remedies is futile under Mississippi law. "Where a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, this court may not review the prisoner's habeas petition unless he can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Moawad v Anderson*, at 947. citing *Stokes v. Anderson,* 123 F.3d 858, 859 (5th Cir.1997), *cert. denied,* 522 U.S. 1134, 118 S.Ct. 1091, 140 L.Ed.2d 147 (1998).

Eaton's appeal was dismissed for failure to pay the costs of his appeal after he was denied in forma pauperis status. On the record the denial of in forma pauperis status was completely proper and Eaton simply failed to pay the required costs. The record does indicate that Eaton was making inquiries about the amount of the costs and it does not contain a written response back to Eaton on the exact dollar figure. However Eaton's petition establishes that he 'could not pay the fees of an appeal,' not that he was unable to ascertain the amount. Eaton has not shown "cause" for his default.

Additionally there is no showing of prejudice to Eaton. Eaton claims that he had a plea agreement for banishment from the state of Mississippi, but not for the restitution ordered. If the plea agreement was inaccurate, Eaton had every opportunity at the time his plea was taken to speak up. The transcript indicates Eaton's agreement at the time of the plea. He complains that he and another co-defendant were represented by the same attorney. He makes no showing that there was any conflict of interest. The mere fact that the other defendant did not receive the same sentence is

no indication of any conflict. In order to prevail on this claim, Eaton must show an actual conflict of interest adversely affecting the lawyer's performance. *Cuyler v. Sullivan*, 466 U.S. 335, 344 100 S. Ct, 1708, 1716 64 L. Ed. 2d 333(1980). (*"*We hold that the possibility of conflict is insufficient to impugn a criminal conviction. In order to demonstrate a violation of his Sixth Amendment rights, a defendant must establish that an actual conflict of interest adversely affected his lawyer's performance" *Id.* at 351.*)* Eaton has not shown any conflict of interest nor any impact on counsel's performance.

Eaton complains that he was 'separated' in his sentencing from the other defendants. This is not any error at all. There is no requirement that pleas and sentencing of co-defendants be handled at the same time. Eaton also complains that there was a 'verbal' search warrant on an initial search and that all searches were illegal.[1] Eaton waived any right to complain of any alleged constitutional violations preceding his guilty plea. A valid guilty plea waives all non-jurisdictional defects preceding the plea. *United States v. Jennings*, 891 F.2d 93, 95 (5th Cir. 1989). Likewise, his plea waives his complaint about supposed errors about serial numbers in his indictment. The alleged discrepancy between the numbers on justice court documents and the indictment, does not prove that any error is in the indictment. Even if there were a mistake, it would not be a jurisdictional defect.

The failure to consider the procedurally defaulted claims in federal court results in a fundamental miscarriage of justice only where there is a showing of factual innocence. Eaton's unsupported claim of factual innocence, in the face of his admission of guilt under oath is insufficient.

---

[1] He complains that illegal searches were conducted on his property and that property was improperly seized. He seeks return of his property. This is a § 1983 action. This portion of the claim should be dismissed without prejudice.

The undersigned recommends that the petition for habeas corpus be dismissed with prejudice. To the extent that the petition includes all § 1983 claims, it should be dismissed without prejudice.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.2(D) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Petitioner is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Petitioner is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 28th day of November, 2005.

/s/ JERRY A. DAVIS  
UNITED STATES MAGISTRATE JUDGE